**INSTITUTO CUBANO DE ESTABILIZA-CION DEL AZUCAR, Libelant,**

v.

**THE M/V DRILLER, her engines, etc., Crosbie & Co., Ltd., and Cane Products Corporation, Respondents.**

United States District Court
S. D. New York.
April 3, 1961.

Crowell, Rouse & Varian, New York City, for libelant, George T. Vayda, New York City, of counsel.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondent Crosbie & Co., Ltd., Donald B. Allen, New York City, of counsel.

SUGARMAN, District Judge.

The entire sum of $60, taxed as disbursements for "premiums on cost bond" and included in the decree of February 17, 1961 in favor of respondent Crosbie & Co., Ltd. against libelant Instituto Cubano de Estabilizacion del Azucar should be deleted.

Had the defect indicated infra been stated as the libelant's objection when the costs were taxed, the clerk would have sustained it. Nevertheless the libelant's exception to the clerk's allowance thereof is sustained upon retaxation.

The only stipulations for costs filed in this suit were the stipulation for libelant's costs by the United States Fidelity and Guaranty Company, dated September 13, 1954 and filed September 14, 1954 and the stipulation for claimant's costs by the National Surety Corporation, dated June 9, 1955 and filed June 13, 1955. Claimant is Crosoils Ltd., not Crosbie & Co., Ltd.

Rule of Practice 7 in Admiralty and Maritime Cases, 28 U.S.C.A., allows bond premiums to be taxed as costs only to the party who paid them.

The file and docket in this case reveal no stipulation having been filed [1] by respondent Crosbie & Co., Ltd. Hence there was nothing before the clerk and there is nothing before the court indicating that Crosbie & Co., Ltd., paid any premiums.

The clerk is directed to amend the bill of costs and decree consistent herewith.

It is so ordered.

1. Cf. Admiralty Rule 6(a), S.D.N.Y., 5 Knauth's Benedict on Admiralty (7th ed.) 283.